IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01439-PAB-MJW

JASON ALAN CAPPELLI , and
VINCENT C. TODD,

Plaintiffs,

v.

JOHN HICKENLOOPER, Governor of the State of Colorado,
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
MELISSA ROBERTS, Director of Adult Parole, Colorado Department of Corrections,
JIM COOPER, a Community Parole Officer,
MATTHEW JAMES STEGNER , a Community Parole Officer,
SHEFALI PHILLIPS, a Community Parole Officer,
WESLEY TRISSEL, a Community Parole Officer,
WILLIAM HOOVER, a Sergeant, Lakewood Police Department,
JIMMY TORSAK, a Detective, Lakewood Police Department,
MICHAEL GRIFFITH, an Agent, Lakewood Police Department,
JANNA SCHMMELS, an Agent, Lakewood Police Department,
THEODORE MCNITT, a Commander, Lakewood Police Department,
DAN MCCASKY, Chief of Police, Lakewood Police Department,
JOHN DOE, an unidentified Agent of the Bureau of Alcohol Tobacco and Firearms, and,
JEFF SCHRADER, Sheriff of Jefferson County Colorado,

Defendants.

**ORDER GRANTING DEFENDANTS WILLIAM HOOVER, JIMMY TORSAK, MICHAEL GRIFFITH, JANNA SCHMMELS, THEODORE McNITT, AND DAN McCASKY'S MOTION TO STAY DISCOVERY PURSUANT TO Fed.R.Civ.P. 26(C)(1) PENDING DETERMINATION OF QUALIFIED IMMUNITY (DOCKET NO. 23)**

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the Court pursuant to an Order (Docket No. 30) referring the subject motion (Docket No. 23) issued by Judge Philip A. Brimmer on August 10, 2017. Now before the Court is Defendants William Hoover, Jimmy Torsak, Michael Griffith, Janna Schmmels, Theodore McNitt, and Dan McCasky's (hereinafter "Lakewood

Defendants") Motion to Stay Discovery Pursuant to Fed.R.Civ.P. 26(C)(1) Pending Determination of Qualified Immunity (Docket No. 25). The Court has carefully considered the motion. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.[1]

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id*.

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have routinely recognized that

---

[1] The Court may rule on a pending motion at any time. D.C.COLO.LCivR. 7.1(d).

discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). The Supreme Court has established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id.* at 643-44.

When considering a stay of discovery, this Court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and

the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Here, the Lakewood Defendants seek to stay all discovery pending resolution of their motion to dismiss (Docket No. 22).[2] Defendants argue that a stay of discovery should be ordered based on their pending motion to dismiss which alleges, among other things, that Defendants are entitled to qualified immunity. (*See* Docket No. 22 at 11-13).

As stated above, Defendants raise qualified immunity as a defense in their pending motion to dismiss. The case is still in the early stages of litigation; all of the Defendants responded to Plaintiffs' operative complaint with the pending motions to dismiss that could fully dispose of Plaintiffs' claims before engaging in the discovery process. A balance of the above factors favors a stay in this matter. Most significantly, the Court finds that the interest of Plaintiffs to proceed expeditiously is outweighed by the burden on Defendants of having to participate in discovery while motions to dismiss that argue that they are immune to suit are pending. Further, while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit'

---

[2] Defendants John Hickenlooper, Rick Raemisch, Melissa Roberts, Matthew James Stegner, Wesley Trissel, Jim Cooper, and Shefali Phillips have also filed a Motion to Dismiss that raises qualifed immunity (Docket No. 31 at 14-15). Defendant Sheriff Jeff Schrader has filed a Motion to Dismiss as well (Docket No. 20).

when, as here, a dispositive motion is pending.") (citations omitted). Finally, the Court finds that the interests of non-parties and the public interest do not greatly favor one side.

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that the 'Lakewood Defendants Motion to Stay Discovery Pursuant to Fed.R.Civ.P. 26(C)(1) Pending Determination of Qualified Immunity (Docket No. 23) is GRANTED.  Discovery is STAYED as to <u>all parties</u> until after the undersigned judge issues a recommendation on Defendants' Motions to Dismiss (Docket Nos. 20, 22, & 31) or until further Order of Court.  It is further

ORDERED that the Status Conference set on August 22, 2017 at 10:00 a.m. is VACATED.

                BY THE COURT

Date: August 16, 2017    s/ Michael J. Watanabe
    Denver, Colorado    Michael J. Watanabe
                United States Magistrate Judge