IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01439-PAB-NRN

JASON ALAN CAPPELLI and
VINCENT C. TODD,

    Plaintiffs,

v.

JOHN HICKENLOOPER, Governor of the State of Colorado,
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
MELISSA ROBERTS, Director of Adult Parole, Colorado Department of Corrections,
JIM COOPER, a Community Parole Officer,
MATTHEW JAMES STEGNER, a Community Parole Officer,
SHEFALI PHILLIPS, a Community Parole Officer,
WESLEY TRISSEL, a Community Parole Officer,
WILLIAM HOOVER, a Sergeant, Lakewood Police Department,
JIMMY TORSAK, a Detective, Lakewood Police Department,
MICHAEL GRIFFITH, an Agent, Lakewood Police Department,
JANNA SCHMMELS, an Agent, Lakewood Police Department,
THEODORE MCNITT, a Commander, Lakewood Police Department,
DAN MCCASKY, Chief of Police, Lakewood Police Department,
JOHN DOE, an unidentified Agent of the Bureau of Alcohol Tobacco and Firearms, and
JEFF SHRADER, Sheriff of Jefferson County Colorado,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on plaintiffs' Motion to Reconsider Order of September 30, 2018 – Document No. 58 [Docket No. 59].

Plaintiff Jason Alan Cappelli ("Cappelli") was released from the Colorado Department of Correction on mandatory parole in December 2015. Docket No. 58 at

3.[1]  Upon release, Cappelli moved into the Lakewood, Colorado residence of his legal guardian, plaintiff Vincent C. Todd ("Todd").  *Id*.  Under the terms of his parole, Cappelli was required to "permit visits to his/her place of residence as required by the Community Parole Officer," and he agreed to "allow the Community Parole Officer to search his/her person, or his/her residence, or any premises under his/her control."  *Id*. at 4 (citing Docket No. 50-1 at 18-19*,* ¶ 33).  Cappelli's assigned Community Parole Officer ("CPO") was defendant Matthew James Stegner ("Stegner").  *Id*. at 3.

Plaintiffs allege that, on April 19, 2017, Stegner and fellow CPO Shefali Phillips ("Phillips"), along with Lakewood police officers and one individual wearing a jacket with "ATF" emblazoned on it, conducted a warrantless search of plaintiffs' house.  *Id*. at 4.  In the course of the search, Stegner went upstairs to the locked master bedroom.  *Id*. at 5.  He demanded that Todd give him the code to the digital lock or else he would break down the door.  *Id.*  Todd provided the code to Stegner, who opened the door.  *Id.*  Stegner found a stun gun under the bed.  *Id*.  After Cappelli surrendered, he acknowledged that the stun gun was in the house but denied that he had any control over it.  *Id*.  At around 6:00 p.m., Cappelli, barefoot and shirtless, was led out of the residence in handcuffs.  *Id*.  Defendant Jimmy Torsak ("Torsak") was overheard saying that Cappelli was being arrested because of the stun gun.  *Id*.

Plaintiffs initiated this lawsuit on June 13, 2017.  Docket No. 1.  On February 9, 2018, plaintiffs moved for leave to file a second amended complaint.  Docket No. 50.  In

---

[1] The procedural and factual background of this case is laid out in detail in the Court's September 30, 2018 order [Docket No. 58]; the Court will restate here only those facts that are relevant to resolving this motion.

an order issued on September 30, 2018 ("the Court's order"), the Court granted plaintiffs' motion in part, allowing plaintiffs to proceed with a single claim under 42 U.S.C. § 1983 against defendants Torsak, William Hoover, Michael Griffith, Janna Schmmels, and John Doe, alleging a Fourth Amendment violation arising from the warrantless search of plaintiffs' residence on April 19, 2017. Docket No. 58 at 20-21. The Court denied plaintiffs' motion to amend in regard to all other claims and defendants, effectively dismissing them from the case. *Id*. at 40. As relevant here, the Court concluded that a § 1983 claim against Stegner for arresting Cappelli without probable cause in violation of the Fourth Amendment failed because Stegner was entitled to qualified immunity. *Id*. at 26-27. The Court found that plaintiffs failed to show that Cappelli's arrest violated clearly established law. *Id*.

In their motion for reconsideration, plaintiffs appear to challenge the Court's conclusion that Cappelli was entitled to qualified immunity. Plaintiffs argue that the Court incorrectly analyzed Cappelli's and Todd's "liberty interest" based on the assumption that Cappelli was subject to discretionary parole rather than mandatory parole. Docket No. 59 at 2-4. Consequently, plaintiffs argue that probable cause or a warrant was required to lawfully arrest Cappelli. *Id*. at 5-6. Plaintiffs contend that, because Stegner had neither a warrant nor probable cause to believe that Cappelli possessed the stun gun, Stegner violated clearly established law in arresting Cappelli. *Id*. at 7-8. As relief, plaintiffs request that the Court's order be "modified," although they do not specify how. *Id*. at 8. The Court will construe plaintiffs' motion as a request to allow Cappelli to proceed with a Fourth Amendment claim against Stegner for an

unconstitutional seizure.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *Cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."). Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

4

2000).

Plaintiffs' motion for reconsideration will be denied. The Court granted qualified immunity to Stegner, finding that plaintiffs "failed to show that Cappelli's arrest violated clearly established law" because "plaintiffs [did] not cite any authority that clearly establishes that the arrest of a parolee without probable cause violates the Fourth Amendment, especially when the parolee is living in a house where he knows that one of the residents has a stun gun." Docket No. 58 at 26-27. In their motion for reconsideration, plaintiffs do not offer any authority that clearly establishes that arresting Cappelli without probable cause violated the Fourth Amendment. Without a showing of "Tenth Circuit or Supreme Court precedent [that] would make it clear to every reasonable officer that such conduct is prohibited," *see Perea v. Baca*, 817 F.3d 1198, 1204 (10th Cir. 2016), plaintiffs cannot satisfy the "heavy . . . burden" of overcoming qualified immunity. *See Buck v. City of Albuquerque,* 549 F.3d 1269, 1277 (10th Cir. 2008).

Plaintiffs take issue with the Court's reliance on *Jenkins v. Currier*, 514 F.3d 1030 (10th Cir. 2008). The court in *Jenkins* observed that "[m]ost courts that have considered the Fourth Amendment implications of seizing a parole violator have held that a parolee remains in legal custody during the period of his parole and therefore that the retaking of a parole violator does not constitute an arrest for Fourth Amendment purposes." *See Jenkins*, 514 F.3d at 1033 (citing *United States v. Polito*, 583 F.2d 48, 54-56 (2d Cir. 1978) (collecting cases), and *Baumhoff v. United States*, 200 F.2d 769, 770 (10th Cir. 1952)). Plaintiffs contend that *Jenkins* does not apply because Cappelli

5

was subject to "mandatory parole," where he could only be returned to prison based on either a new conviction or for a parole violation, rather than "discretionary parole," where his return to prison was within the discretion of the Colorado Board of Parole. Docket No. 59 at 2-4. Plaintiffs do not explain how, under Colorado law, Cappelli was subject to "mandatory parole." *See* Colo. Rev. Stat. § 17-2-207(3) ("[o]ffenders on parole . . . remain under legal custody and [are] subject at any time to be returned to a correctional facility"); *People v. Lucero*, 772 P.2d 58, 60 (Colo. 1989) (observing that "in the contemplation of the law, [a parolee is] still in legal custody and constructively a prisoner of the state" (quotations omitted)). Even crediting plaintiffs' assertion, however, plaintiffs fail to cite any "Tenth Circuit or Supreme Court precedent" that would "make it clear to every reasonable officer" that *Jenkins* does not apply to persons on "mandatory parole." *See Perea*, 817 F.3d at 1204; *cf. Jenkins*, 514 F.3d at 1033 (making no distinction between mandatory and discretionary parole). Thus, plaintiffs have not shown that it was clearly established at the time of Stegner's arrest of Cappelli that arresting Cappelli without probable cause violated the Fourth Amendment.[2]

---

[2] Plaintiffs' citations to *Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983), and *Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015), do not help their case. Docket No. 59 at 4-5, 7. In *Olim*, the Court held that a state "creates a protected liberty interest" under the Due Process Clause "by placing substantive limitations on official discretion." *Olim*, 461 U.S. at 249. Plaintiffs do not cite any case law that would "place [] the statutory . . . question" of whether parolees have a protected liberty interest "beyond debate," particularly in light of *Jenkins*. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). As for *Henderson*, which plaintiffs rely on to argue that Cappelli could not have "possessed" the stun gun, the Court's order found that plaintiffs sufficiently alleged that Stegner did not have probable cause to arrest Cappelli. *See Henderson*, 135 S. Ct. at 1784 (citing Black's Law Dictionary 1047 (5th ed. 1979)); Docket No. 58 at 26. *Henderson* does not "clearly establish" that a parolee may not be arrested without probable cause.

As plaintiffs have failed to demonstrate that the Court "misapprehended the facts, a party's position, or the controlling law" in its September 30, 2018 order, the Court will deny the motion for reconsideration. See *Alpenglow Botanicals*, 894 F.3d at 1203. It is therefore

**ORDERED** that plaintiffs' Motion to Reconsider Order of September 30, 2018 – Document No. 58 [Docket No. 59] is **DENIED**.

DATED August 12, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge