IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01439-PAB-NRN

JASON ALAN CAPPELLI and
VINCENT C. TODD,

    Plaintiffs,

v.

WILLIAM HOOVER, a Sergeant, Lakewood Police Department,
JIMMY TORSAK, a Detective, Lakewood Police Department,
MICHAEL GRIFFITH, an Agent, Lakewood Police Department, and
JANNA SCHMMELS, an Agent, Lakewood Police Department,

    Defendants.

_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge N. Reid Neureiter (the "recommendation") filed on September 14, 2020 [Docket No. 159]. Plaintiffs filed a timely objection. Docket No. 160.

## I. BACKGROUND

This case arises from a search of the Lakewood, Colorado residence of plaintiffs Jason Alan Cappelli and Vincent C. Todd on April 19, 2017. The operative complaint, Docket No. 60, brings a claim for relief pursuant to 42 U.S.C. § 1983 against four members of the Lakewood Police Department ("LPD") for violations of plaintiffs' Fourth Amendment rights.[1] Docket No. 60 at 53-54, ¶¶ 88-90.

---

[1] Plaintiffs filed a motion for leave to file a third amended and supplemental complaint. Docket No. 65. The Court granted it to the extent it dismissed any

On May 15, 2020, defendants filed a motion for summary judgment arguing, *inter alia*, that their entry and search of plaintiffs' residence was not a violation of the Fourth Amendment. Docket No. 143 at 12. Plaintiffs responded and defendants replied. Docket Nos. 147, 149. On September 14, 2020, the magistrate judge entered a recommendation that the Court grant defendants' motion for summary judgment. Docket No. 159. Plaintiffs objected to the recommendation, defendants responded to the objection, and plaintiffs replied. Docket Nos. 160, 161, 162. The magistrate judge's recommendation lists the undisputed facts that form the basis for the recommendation to grant defendants' summary judgment motion. *See* Docket No. 159 at 2-5. The Court adopts those facts for the purpose of resolving plaintiffs' objection to the magistrate judge's recommendation.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary

---

remaining claims for relief against defendant John Doe and denied all other requests. Docket No. 127. Defendants filed a motion seeking clarification on what the operative pleadings were. Docket No. 128. The magistrate judge granted the motion and stated that the operative complaint is Docket No. 60, plaintiff's second amended complaint. Docket No. 130.

judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and

legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). Because plaintiffs' objection is timely and specific, the Court will review the recommendation de novo.

## III.  ANALYSIS

### A.  Motion for Summary Judgment

Plaintiffs' sole remaining claim against defendants is a 42 U.S.C. § 1983 claim for violations of plaintiffs' Fourth Amendment rights. Docket No. 60 at 53-54, ¶¶ 88-90. Defendants' summary judgment motion argues that defendants' entrance and search of plaintiffs' residence, without probable cause and not pursuant to a warrant, did not violate the Fourth Amendment because the search falls within the "special needs" exception. Docket No. 143 at 12. Plaintiffs argue that the LPD used CPO Stegner to avoid the probable cause and warrant requirements of the Fourth Amendment and therefore the search does not fall within the exception. Docket No. 147 at 9.

The magistrate judge determined that defendants' search of plaintiffs' home was permitted under the special needs exception to the Fourth Amendment's warrant requirement. Docket No. 159 at 12. Under the special needs exception, a parole officer may search a parolee without a warrant as long as the search is in compliance with the parole agreement. *See United States v. Freeman*, 479 F.3d 743, 746 (10th Cir. 2007). While the police may search a parolee's premises without a warrant "at the behest of the parole officer," a parole officer "cannot act as a 'stalking horse' on behalf of police to assist police in evading the Fourth Amendment's warrant requirement." *United States v. McCarty*, 82 F.3d 943, 947 (10th Cir. 1996). The magistrate judge

determined that the defendants were acting under the direction of CPO Stegner and therefore CPO Stegner was not a "stalking horse" for the LPD. Docket No. 159 at 9. The dispositive question, the magistrate judge stated, was whether there was a genuine issue of material fact that CPO Stegner directed defendants during the April 19, 2017 search. *Id.* at 9-10. The magistrate judge found that there was not. *Id.* at 10.

Plaintiffs objected to the magistrate judge's recommendation, arguing that (1) Colorado law does not authorize warrantless searches by police officers; (2) defendants could not rely on CPO Stegner's authority to enter and search the residence; (3) defendants did not search the home under CPO Stegner's direction; and (4) Detective Torsak initiated the search, not CPO Stegner. Docket No. 160 at 3-6.

Plaintiffs cite *United States v. Mabry*, 728 F.3d 1163, 1166-67 (10th Cir. 2013), for the proposition that Colorado law does not authorize warrantless searches of a parolee's residence. Docket No. 160 at 3. In *Mabry*, the Tenth Circuit interpreted a Kansas law that required reasonable suspicion to support a warrantless search of a parolee. *Mabry*, 728 F.3d at 1166. However, Colorado law permits suspicionless searches of parolees. *People v. McCullough*, 6 P.3d 774, 778 (Colo. 2000) ("We conclude that the legislature intended to give parole officers authority to conduct routine searches of a parolee and his possessions as part of their supervisory authority and without requiring that they first possess 'reasonable grounds to believe that a parole violation has occurred.'"), *abrogated in part on other grounds by United States v. Knights*, 534 U.S. 112, 116-22 (2001). Under the special needs exception, the police may search a probationer's premises without a warrant if they are acting under the

5

direction of a parole officer.  *See Freeman*, 479 F.3d at 748.  Because the special needs exception permits the police to search a parolee's residence under the direction of a CPO, the Court overrules this objection.

Plaintiffs argue that defendants could not rely on CPO Stegner's authority to enter and search plaintiffs' residence, Docket No. 160 at 3, and cite to the Court's earlier order examining the "totality of the circumstances" exception to the warrant requirement when ruling on plaintiffs' motion for leave to file a second amended complaint.  *Id.* (citing Docket No. 58 at 21).  However, the magistrate judge's recommendation rests on the "special needs" exception to the warrant requirement, not the totality of the circumstances exception.  Docket No. 159 at 9.  Plaintiffs' argument is therefore misplaced and the Court overrules it.

Plaintiffs' next objection is that defendants were not acting under the supervision of CPO Stegner because he gave them "carte blanche" to search plaintiffs' residence.  Docket No. 160 at 4.  The magistrate judge considered this argument in his recommendation and found that CPO Stegner's instruction to defendants to search for "any violations or anything they were concerned about" showed that defendants were directed by CPO Stegner.  Docket No. 159 at 10.  Plaintiffs have failed to raise any new arguments that would lead the Court to disagree with the well-reasoned recommendation of the magistrate judge on this point.  Therefore, the Court overrules plaintiffs' objection.

Plaintiffs also object to the magistrate judge's conclusion that the home visit was initiated by CPO Stegner, rather than Detective Torsak.  Docket No. 160 at 5.  The magistrate judge considered the conversations that CPO Stegner had with LPD officers

before the search, but determined that the undisputed facts showed that CPO Stegner was the one who decided to conduct the home visit. Docket No. 159 at 11. Plaintiffs' argument that defendant Torsak "contacted Stegner which caused him to conduct the April 19, 2017, home visit," fails to create a genuine dispute of material fact. *See* Docket No. 160 at 5. Plaintiffs do not dispute that, "[a]fter the April 17 home visit, CPO Stegner, as the Supervising Officer, decided to go back to Plaintiffs' residence for a second home visit." Docket No. 143 at 5, ¶ 36. The undisputed facts thus show that CPO Stegner, not Detective Torsak, made the decision to conduct the April 19 home visit. Therefore, the Court overrules this objection.

Plaintiffs' final objection is that the magistrate judge's recommendation ignores the fact that there was no evidence tying Mr. Cappelli to the Green Mountain fires. Docket No. 160 at 7. However, whether or not there was evidence connecting Mr. Cappelli to the Green Mountain fires is irrelevant. CPO Stegner did not need reasonable suspicion to conduct a search of plaintiffs' residence, and CPO Stegner was permitted to bring local law enforcement with him. Accordingly, the Court overrules this objection.

Having overruled all of plaintiffs' objections, the Court accepts the magistrate judge's recommendation and will grant defendants' motion for summary judgment.

### B. Plaintiffs' Objections to the Magistrate Judge's Discovery Orders

Plaintiffs have filed objections to two of the magistrate judge's discovery orders. *See* Docket Nos. 115, 135. In their response to defendants' motion for summary judgment, plaintiffs do not argue that they need this discovery in order to properly

respond to the motion. *See* Docket No. 147. However, plaintiffs' objection to the magistrate judge's summary judgment recommendation argues that plaintiffs must be "permitted to reopen discovery with leave to amend pleadings and add Defendants concealed by the Defendants' and the City of Lakewood's misconduct; along with leave to proceed with contempt for the failure to comply with the Subpoena issued to Lakewood and the misstatements to the Court by Lakewood and its Counsel." Docket No. 160 at 7-8. None of the information sought by plaintiffs would have any bearing on the resolution of defendants' motion for summary judgment. Therefore, the Court will overrule these objections as moot.

## IV. CONCLUSION

It is therefore

**ORDERED** that the Report and Recommendation of United States Magistrate Judge N. Reid Neureiter [Docket No. 159] is **ACCEPTED**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 143] is **GRANTED**. It is further

**ORDERED** that Plaintiffs' Rule 72(A), Federal Rules of Civil Procedure Objection to the Magistrate's Orders of March 13, 2020 [ECF 133] [Docket No. 135] is **OVERRULED as moot**. It is further

**ORDERED** that Plaintiffs' Rule 72(A), Federal Rules of Civil Procedure Objection to the Magistrate's Orders of December 16, 2019 [ECF 112] [Docket No. 115] is **OVERRULED as moot**. It is further

**ORDERED** that this case is **DISMISSED**.

DATED March 1, 2021.

                                              BY THE COURT:

                                              PHILIP A. BRIMMER
                                              Chief United States District Judge