IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01439-PAB-NRN

JASON ALAN CAPPELLI and
VINCENT C. TODD,

    Plaintiffs,

v.

WILLIAM HOOVER, a Sergeant, Lakewood Police Department,
JIMMY TORSAK, a Detective, Lakewood Police Department,
MICHAEL GRIFFITH, an Agent, Lakewood Police Department, and
JANNA SCHMMELS, an Agent, Lakewood Police Department,

    Defendants.

---

# ORDER

---

    This matter is before the Court on Plaintiffs' Motion Pursuant to Rule 54(D)(1) Federal Rules of Civil Procedure, for Judicial Review of Costs [ECF 179] [Docket No. 180]. Defendants have not responded.

    The Court granted summary judgment in favor of defendants on March 1, 2021. Docket No. 166. Final judgment entered on March 2, 2021. Docket No. 167. Defendants, as the prevailing parties, filed a proposed Bill of Costs. Docket No. 169.[1] On April 27, 2021, the Clerk of the Court allowed certain costs in favor of defendants in the amount of $1,806.80. Docket No. 179. On April 29, 2021, plaintiffs filed the present motion challenging the taxation of certain costs, arguing that the Court should

---

[1] Defendants filed a proposed Bill of Costs, Docket No. 168, and an amended proposed Bill of Costs. Docket No. 169.

reject the taxing of $410.90 of the total amount. Docket No. 180. Plaintiffs argue that the $22.50 fee for the transcript from a March 13, 2020 discovery hearing and the $388.40 fee from color copies and "[c]opies/[p]rinting/[s]canning" should not have been awarded. Docket No. 180 at 3; Docket No. 179 at 2.

Rule 54(d)(1) provides that costs, other than attorney's fees, should generally "be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court's discretion in taxing costs is limited in two ways: "[f]irst, Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, the district court must provide a valid reason for denying such costs." *In re Williams*, 558 F.3d 1144, 1147 (10th Cir. 2009) (internal quotation marks and citations).

### A. Discovery Hearing Transcript

Title 28, United States Code, § 1920 governs what costs are taxable under Rule 54(d)(1) and allows the Court to tax fees "for printed or electronically recorded transcripts necessarily obtained for use in the case."

The Clerk of Court found that the discovery transcript costs were taxable under § 1920(2) because defense counsel used portions of the discovery hearing transcript to "rebut plaintiffs' objections to rulings," citing Docket No. 137-1. Docket No. 179 at 2. Plaintiffs argue that this was in error because there was already a transcript of the hearing filed on the record and available to defendants. Docket No. 180 at 2.

Plaintiffs are correct that a transcript of the March 13, 2020 discovery hearing was filed at Docket No. 134. However, Docket No. 134 states that the "[t]ranscript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER."

Defendants' response to plaintiffs' objection, which was filed on April 13, 2020, was within 90 days of the filing of the transcript on the docket.  *See* Docket No. 137.  Accordingly, defendants needed to order a copy in order to use it in their response.  Because the transcript was "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), the Court will deny plaintiffs' motion to deny the taxing of $22.50 for the discovery hearing transcript.

### B.  Copying Costs

Section 1920 allows the Court to tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  As with other costs, the prevailing party bears the burden of demonstrating that the requested copies were "reasonably necessary for use in the case."  *See In re Williams*, 558 F.3d at 1149 (citation omitted).

Plaintiffs argue that $297.50 for color copying and $90.90 for "[c]opies/[p]rinting/[s]canning" are excessive.  Docket No. 180 at 1-2.  The Clerk of Court awarded these costs under § 1920(4) because "defense counsel used over 100 pages of exhibits in the Summary Judgment motion, including color copies, and not every copy must be justified."  Docket No. 179 at 2.  Plaintiffs argue that, in reality, defendants only presented one, 97 page black-and-white exhibit during depositions, which cannot support an award of $388.40.  Docket No. 180 at 1-2.  The Tenth Circuit has noted that "[a] prevailing party need not 'justify each copy' it makes."  *In re Williams*, 558 F.3d at 1149 (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998)).  Docket No. 169-2 details defendants' copying charges, and the Court

finds that they are justified for the reasons given by the Clerk of Court. Accordingly, the Court will deny plaintiffs' motion.

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Motion Pursuant to Rule 54(D)(1) Federal Rules of Civil Procedure, for Judicial Review of Costs [ECF 179] [Docket No. 180] is **DENIED**.

DATED December 17, 2021.

                                              BY THE COURT:

                                              PHILIP A. BRIMMER
                                              Chief United States District Judge